# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1716V

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |  |
|---|---|---|
| SANDRA YADIRA CAMACHO CAZAREZ, | * * * * | Chief Special Master Corcoran |
| Petitioner, | * * | Filed:  March 6, 2026 |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * * * | |
| Respondent. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*John Beaulieu*, Siri & Glimstad LLP, Louisville, KY, for Petitioner.

*Sarah B. Rifkin*, U.S. Department of Justice, Washington, DC, for Petitioner.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 3, 2023, Sandra Yadira Camacho Cazarez filed a petitioner for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that she suffered the Table injury of Shoulder Injury Related to Vaccine Administration ("SIRVA"), "and/or" an off-table injury of Rheumatoid Arthritis. Petition (ECF No. 1) at 1. Respondent filed his Rule 4(c) Report recommending that compensation be denied in this matter. Not long after, Petitioner requested that the claim be dismissed, and the matter was concluded. *See* Motion, dated Aug. 18, 2025 (ECF No. 34); Decision Dismissing Claim, dated Aug. 19, 2025 (ECF No. 35).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Jan. 20, 2026 (ECF No. 40) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $32,958.21 ($31,175.00 in fees, plus $1,783.21 in costs) for the work of attorneys and paralegals at Siri & Glimstad LLP. Mot. at 10. Respondent reacted to the fees request on January 28, 2026. *See* Response, dated Jan. 28, 2026 (ECF No. 41) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for an award of attorney's fees and costs are met in this case, and if so, the calculation of the amount to be awarded. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$32,958.21**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Because Petitioner opted to terminate her claim, it was literally "unsuccessful"—and therefore fees are only appropriate if the matter had reasonable basis. But I find there was a sufficient objective basis for the claim to entitle her to a fees and costs award. The medical records, at a minimum, established that Petitioner received the vaccine at issue, and that she experienced a variety of symptoms that could arguably have been vaccine-related. Thus (and in light of the exceedingly lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible. And because I find no other reason to deny a fees award, I will allow one herein.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot.*

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

*Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2023 | 2024 | 2025 |
|---|---|---|---|
| **John Beaulieu (Attorney)** | -- | $311.00 | $425.00 |
| **Jessica Wallace (Attorney)** | $285.00 | -- | -- |
| **Wendy Cox (Attorney)** | $390.00 | -- | -- |
| **Irene Pi (Interpreter)** | $180.00 | $187.00 | $195.00 |
| **Paralegals** | $180.00 | $187.00 | $195.00 |

Mot. at 6; ECF No. 40-2 at 1–39.

The attorneys in question have been recognized to practice in forum, thus, entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Hum. Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023). The rates requested are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule.[5] *See Nelson v. Sec'y of Health & Hum. Servs.*, No. 23-1905V, 2025 WL 1927744 (Fed. Cl. Spec. Mstr. June 17, 2025); *Novoa v. Sec'y of Health & Hum. Servs.*, No. 24-1331V, 2025 WL 2790507 (Fed. Cl. Spec. Mstr. Aug. 20, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable (although it is approaching a sum inappropriate for a matter that was voluntarily dismissed). I will therefore award all fees requested without adjustment.

### III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 6, 2026).

masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at \*4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,783.21 in outstanding costs, including the filing fee and medical record retrieval costs. Mot. at 1; ECF No. 40-2 at 28. Such costs are typical in Program cases and were reasonably incurred in this matter. Thus, I do not find any reason to make any reductions.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs in its entirety. Petitioners are awarded a total amount of **$32,958.21**, reflecting $31,175.00 in attorney's fees and $1,783.21 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision. [6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.